SUMMARY ORDER

Petitioner Pao Jing Shan, a native and citizen of the People’s Republic of China, seeks review of a January 23, 2008 order of the BIA affirming the February 12, 2007 decision of Immigration Judge (“IJ”) Jeffrey S. Chase denying her applications for asylum, withholding of removal, and relief under the Convention Against Tor *46 ture (“CAT”). In re Pao Jing Shan, No. A 97 340 049 (B.I.A. Jan. 23, 2008), aff'g No. A 97 340 049 (Immig. Ct. N.Y. City Feb. 12, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in some respects but not others, this Court reviews the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t. of Justice, 426 F.3d 520, 522 (2d Cir.2005). Because the BIA explicitly rejected two of the findings underlying the IJ’s credibility determination, we review the IJ’s decision minus those findings. See id.
As an initial matter, Jing Shan failed to challenge the IJ’s pretermission of her asylum application in her appeal to the BIA and before this Court, thereby abandoning such argument. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). Moreover, Jing Shan’s counsel specifically conceded to the IJ that Jing Shan’s asylum claim was pretermitted by the one-year bar under the REAL ID Act of 2005. See Tr. of Hr’g, Feb. 12, 2007, at 42; see, e.g., 8 U.S.C. § 1158(a)(2)(B). Accordingly, we review only Jing Shan’s challenge to the agency’s denial of her application for withholding of removal and CAT relief.
We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Muka-sey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on any discrepancy in the record, without regard to whether it goes “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). “We ... defer to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t. of Justice, 428 F.3d 391, 406 (2d Cir.2005).
Substantial evidence supports the IJ’s adverse credibility determination. See Corovic, 519 F.3d at 95. As an initial matter, Jing Shan has failed to challenge the majority of the findings underlying the IJ’s adverse credibility determination, including the IJ’s reliance on: (1) the inconsistency between her testimony that she planned only to stay in the United States for a short time and her claim that she feared persecution in China; (2) the inconsistency between her testimony and her father’s letter regarding whether the police were still looking for her; (3) her inconsistent testimony about the amount of time she spent in Florida; (4) the absence of any corroboration of her alleged arrests; and (5) the omission of any mention of her arrests in her pastor’s letter. Accordingly, because Jing Shan has waived any challenge to those findings, see Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005), we decline to review their validity, see Shunfu Li, 529 F.3d at 146.
With respect to the single finding Jing Shan does challenge, it is supported by substantial evidence. As the IJ found, while Jing Shan’s application and corroborating evidence indicated that she was arrested in 2000 and 2002, she testified that she was arrested in 1997 and 2000. Jing Shan argues that this inconsistency is insignificant and that she adequately ex *47 plained it. However, the IJ was entitled to rely on any inconsistency without regard to whether it went “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, because Jing Shan’s explanations—that she may have “mixed up” the dates and that she was nervous—would not have compelled a reasonable adjudicator to credit them, the IJ was not required to do so, see, e.g., Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005), especially considering, as the IJ specifically noted, that the discrepancy in dates was not just the matter of a few days or months, but of years. See Oral Decision of the Immig. J., at 10-11 (Feb. 12, 2007). Thus, the IJ reasonably relied on this inconsistency to support his adverse credibility determination.
Because the record does not compel us to conclude that Jing Shan was credible, see Xiu Xia Lin, 534 F.3d at 167, the IJ properly denied her application for withholding of removal and CAT relief where the only evidence that Jing Shan was likely to be persecuted or tortured depended on her credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang, 426 F.3d at 523.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.